Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@nelsonhoumand.com
Kyle J. Ortiz, Esq. (NV Bar No. 14252)
Email: kortiz@nelsonhoumand.com
NELSON & HOUMAND, P.C.
1180 North Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Telephone:   702/720-3370
Facsimile:   702/720-3371

*Counsel for Victoria L. Nelson, Chapter 7 Trustee*

*Electronically Filed On: August 14, 2017*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>DORON MASHAL and SHIRAH GOODMAN-MASHAL,<br><br>　　　　　Debtors. | Case No.  BK-S-17-12731-ABL<br>Chapter 7<br><br>**MOTION TO EXTEND DEADLINE TO FILE OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 4003**<br><br>Date of Hearing:    September 28, 2017<br>Time of Hearing:    11:00 a.m.<br>Place: Courtroom No. 1, Third Floor<br>　　　　Foley Federal Building<br>　　　　300 Las Vegas Blvd., S.<br>　　　　Las Vegas, NV 89101<br><br>Judge: Honorable August B. Landis [1] |

VICTORIA L. NELSON, the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case (the "Trustee"), by and through her counsel of record, Jacob L. Houmand, Esq. and Kyle J. Ortiz, Esq. of the law firm of Nelson & Houmand, P.C., hereby submits this *Motion to Extend Deadline to File Objection to Debtor's Claim of Exemptions Pursuant to Federal Rule of Bankruptcy Procedure 4003* (the "Motion").

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP."  The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

-1-

The Motion is based upon the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any argument that may be presented at the hearing on the Motion.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9014.2, if the Court determines that absent consent of the parties the Court cannot enter final orders or judgment regarding the Motion consistent with Article III of the United States Constitution, the Firm consents to entry of final orders and judgment by this Court. The statutory basis for the relief sought herein are FRBP 4003.

### II.   STATEMENT OF FACTS

1. On May 23, 2017, DORON MASHAL and SHIRAH GOODMAN-MASHAL (collectively, the "Debtors") filed a voluntary bankruptcy petition pursuant to Chapter 7 of Title 11 of the United States Code [ECF No. 1][3]. *See* Nelson Declaration.

2. On May 23, 2017, the Trustee was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case. [ECF No. 7]. *See* Nelson Declaration.

3. On July 14, 2017, the Trustee concluded the Debtor's Section 341(a) Meeting of Creditors. *See* Nelson Declaration.

4. Accordingly, the deadline for the Trustee to object to the Debtor's exemptions is August 14, 2017. *See* Nelson Declaration.

5. Schedule A of the Debtor's bankruptcy petition identifies an ownership interest in 424 St. Andrews Court, Las Vegas, Nevada 89144-0000 [APN 138-30-713-046] (the "Property").

---

[2] The Trustee also requests that the Court take judicial notice of all pleadings filed in the above-referenced bankruptcy case, including adversary proceedings, pursuant to Rule of Evidence 201, incorporated by reference by FRBP 9017.

[3] All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.

NELSON & HOUMAND, P.C.
1180 North Town Center Drive, Suite 100, Las Vegas, Nevada 89144
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

*See* Nelson Declaration.

6. Schedule C of the Debtor's petition claims an exemption of $550,000 in the Property pursuant to N.R.S §§ 21.090(1)(l) and 115.050. *See* Nelson Declaration.

7. On or about August 4, 2017, the Trustee arranged for a realtor to tour the Property to determine its fair market value. *See* Nelson Declaration.

8. Upon viewing the Property, the Trustee's realtor informed the Trustee that she believed the Debtors no longer lived at the Property. *See* Nelson Declaration.

9. Accordingly, the Trustee is in the process of investigating whether the Debtors reside at the Property and seeks a brief sixty (60) day extension of the deadline to file an objection to the Debtor's exemptions from August 14, 2017, up to and including October 13, 2017, to allow the Trustee to conclude her investigation and to determine whether an objection to exemptions is warranted. *See* Nelson Declaration.

### III.  LEGAL ARGUMENT

FRBP 4003(b)(1) provides, in pertinent part:

> Except as provided in paragraphs (2) and (3), a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after the amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before time to object expires, a party in interest files a request for an extension.

FED. R. BANKR. P. 4003(b)(1).

"Cause" is not defined in the Bankruptcy Code or the Bankruptcy Rules; "therefore, the determination is committed to the Court's discretion." *In re Ballas*, 342 B.R. 853, (Bank. M.D. Fla. 2005) (discussing "cause" under Bankruptcy Rule 4004). However, the Bankruptcy Appellate Panel for the Ninth Circuit indicated that allowing for "an opportunity to investigate fully the nature of' a debtor's claimed exemptions or interest in allegedly exempt property would constitute "cause" under Bankruptcy Rule 4003(b)(1). *See In re Clark*, 266 B.R. 163, 171 (RA.P. 9th Cir. 2001).

Here, cause exists to extend the deadline to object to the Debtor's exemptions because the Trustee has recently been informed that the Debtors may no longer be residing at the Property. The Trustee needs additional time to investigate whether in fact the Debtors are residing at the Property and if they are not, whether they are entitled to a homestead exemption under Nevada law. The Trustee seeks a brief sixty (60) day extension of the deadline to object to the Debtor's exemptions from August 14, 2017, up to and including October 13, 2017.

### IV.   CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that this Court enter an Order: (a) extending the deadline for the Trustee to file an objection to exemptions claimed by the Debtor from August 14, 2017 up to and including October 13, 2017, pursuant to FRBP 4003(b)(1); and (b) for such other relief as is just and proper.

Dated this 14th day of August, 2017.

**NELSON & HOUMAND, P.C.**

By: */s/ Kyle J. Ortiz*
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Kyle J. Ortiz, Esq. (NV Bar No. 14252)
1180 North Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Telephone:   702/720-3370
Facsimile:   702/720-3371

*Counsel for Victoria L. Nelson, Chapter 7 Trustee*