Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@nelsonhoumand.com
Kyle J. Ortiz, Esq. (NV Bar No. 14252)
Email: kortiz@nelsonhoumand.com
NELSON & HOUMAND, P.C.
1180 North Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Telephone: 702/720-3370
Facsimile: 702/720-3371

*Counsel for Victoria L. Nelson, Chapter 7 Trustee*

*Electronically Filed On: September 1, 2017*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>DORON MASHAL and SHIRAH GOODMAN-MASHAL,<br><br>Debtors. | Case No. BK-S-17-12731-ABL<br>Chapter 7<br><br>**MOTION TO APPROVE SALE OF THE REAL PROPERTY LOCATED AT 10710 HOBBITON AVENUE, LAS VEGAS, NEVADA 89144-0000 [APN 164-12-213-019] PURSUANT TO 11 U.S.C. § 363**<br><br>Date of Hearing: October 12, 2017<br>Time of Hearing: 11:00 a.m.<br>Place: Courtroom No. 1, Third Floor<br>Foley Federal Building<br>300 Las Vegas Blvd., S.<br>Las Vegas, NV 89101<br><br>Judge: Honorable August B. Landis[1] |

VICTORIA L. NELSON, the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case (the "Trustee"), by and through her counsel of record, Jacob L. Houmand, Esq. and Kyle J. Ortiz, Esq. of the law firm of Nelson & Houmand, P.C., hereby submits this *Motion to Approve Sale of the Real Property Located At 10710 Hobbiton Avenue, Las Vegas, Nevada 89144-0000 [APN 164-12-213-019] Pursuant to 11 U.S.C. § 363* (the "Motion").

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

-1-

The Motion is based on the following Memorandum of Points and Authorities, the *Declaration of Victoria L. Nelson In Support of Motion to Approve Sale of the Real Property Located At 10710 Hobbiton Avenue, Las Vegas, Nevada 89144-0000 [APN 164-12-213-019] Pursuant to 11 U.S.C. § 363* (the "Nelson Declaration"), and the *Declaration of Maureen Robison In Support of Motion to Approve Sale of the Real Property Located At 10710 Hobbiton Avenue, Las Vegas, Nevada 89144-0000 [APN 164-12-213-019] Pursuant to 11 U.S.C. § 363* (the "Realtor Declaration") which is filed separately and concurrently with this Court pursuant to Local Rule 9014(c)(2).

The Motion is further based on the papers and pleadings on file in this case, and such other evidence that may be presented to the Court at the hearing on the Motion. Pursuant to Local Rule 6004(b)(3), a true and correct copy of the proposed order approving the Motion is attached hereto as **Exhibit "1"**.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

DORON MASHAL and SHIRAH GOODMAN-MASHAL (collectively, the "Debtors") identified an ownership interest in the real property located at 10710 Hobbiton Avenue, Las Vegas, Nevada 89144-0000 [APN 164-12-213-019] (the "Hobbiton Property"). The Hobbiton Property is an investment property that is not subject to any exemptions. Prior to their bankruptcy filing, the Debtors had employed Berkshire Hathaway Homeservice Nevada Property ("BHHS") as realtor to market and sell the Hobbiton Property. For nearly fifteen (15) months, BHHS has marketed the Hobbiton Property and was not able to locate a buyer. This extensive marketing effort has resulted in the Trustee locating a buyer that was willing to purchase the Hobbiton Property for $600,000. As discussed further herein, the Trustee has reviewed the efforts of BHHS to market and sell the Hobbiton Property and has concluded that the offer is in the best interests of creditors because it will result in approximately $59,476.11 being transferred to the Debtors'

---

[2] The Trustee also requests that the Court take judicial notice of all pleadings filed in the above-captioned bankruptcy case, including adversary proceedings, pursuant to Rule of Evidence 201, incorporated by reference by Federal Rule of Bankruptcy Procedure 9017.

NELSON & HOUMAND, P.C.
1180 North Town Center Drive, Suite 100, Las Vegas, Nevada 89144
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

bankruptcy estate for the payment of creditors. For these reasons, the Trustee respectfully requests that the Court approve the sale of the Hobbiton Property pursuant to Section 363(f).

## II.   JURISDICTION AND VENUE

The Court has jurisdiction over the bankruptcy case and the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9014.2, if the Court determines that absent consent of the parties the Court cannot enter final orders or judgment regarding the Motion consistent with Article III of the United States Constitution, the Trustee consents to entry of final orders and judgment by this Court. Venue before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in the Motion herein are Section 363 and FRBP 6004.

## III.   STATEMENT OF FACTS

**GENERAL BACKGROUND AND THE DEBTORS' BANKRUPTCY FILING**

1. On May 23, 2017 (the "Petition Date"), the Debtors filed a voluntary bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code [ECF No. 1].[3]  *See* Nelson Declaration.

2. On May 23, 2017, the Trustee was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 7]. *See* Nelson Declaration.

3. Schedule A of the Debtors' bankruptcy petition identifies ownership interests in the following two real properties: (a) 424 St. Andrews Court, Las Vegas, Nevada 89144-0000 [APn 138-30-713-046] (the "St. Andrews Property"); and (b) the Hobbiton Property.[4] *See* Debtors' Schedule A/B [ECF No. 1], pp.14-15.

4. The Properties appear to have substantial equity based upon the valuations and outstanding liens provided by the Debtors. *See* Nelson Declaration.

---

[3] All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.

[4] The St. Andrews Property and the Hobbiton Property shall collectively be referred to as the "Properties".

NELSON & HOUMAND, P.C.
1180 North Town Center Drive, Suite 100, Las Vegas, Nevada 89144
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

5.     The Trustee is informed and believes that the Hobbiton Property is an investment property.  *See* Nelson Declaration.

6.     The Debtors have not claimed a homestead exemption in the Hobbiton Property. *See* Debtors' Schedule C [ECF No. 1], pp. 23-26.

**THE TRUSTEE'S EFFORTS TO MARKET AND SELL THE HOBBITON PROPERTY**

7.     On or about June 2016, prior to the Debtors' bankruptcy filing, the Debtors employed Berkshire Hathaway Homeservice Nevada Properties ("BHHS") as realtor to market and sell the Hobbiton Property.  *See* Realtor Declaration.

8.     Due to BHHS' efforts to market the Hobbiton Property prior to the Petition Date, the Trustee decided that it would be in the best interests of the Debtors' bankruptcy estate to employ BHHS as realtor to market and sell the Hobbiton Property.  *See* Nelson Declaration.

9.     On June 28, 2017, the Trustee filed an *Ex Parte Application to Employ Berkshire Hathaway Homeservice Nevada Property to Sell Certain Real Property and to Pay Commission Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 25] (the "BHHS Employment Application").  *See* Nelson Declaration.

10.    The BHHS Employment Application provided that BHHS would be entitled to a commission in the amount of six percent (6%) of the gross sale price of the Hobbiton Property and a $500 administrative fee.  *See* Nelson Declaration.

11.    On June 30, 2017, the Court entered an *Order Granting Ex Parte Application to Employ Berkshire Hathaway Homeservice Nevada Property to Sell Certain Real Property and to Pay Commission Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 39].  *See* Nelson Declaration.

12.    Since its employment by the Debtors and then subsequent employment by the Trustee, BHHS has actively marketed the Hobbiton Property and has reduced the listing price of the Hobbiton Property by the following amounts:

| Listing Price | Effective Date |
| --- | --- |
| $899,000 | June 9, 2016 |
| $849,000 | August 30, 2016 |
| $819,000 | October 21, 2016 |
| $789,000 | November 4, 2016 |

-4-

| | |
|---|---|
| $749,000 | January 17, 2017 |
| $729,000 | February 22, 2017 |
| $725,000 | April 7, 2017 |
| $699,000 | July 12, 2017 |
| $649,000 | August 5, 2017 |

13. Prior to their bankruptcy petition, the Debtors received three offers to purchase the Hobbiton Property, one of which was accepted. *See* Realtor Declaration.

14. The offer that was accepted by the Debtors prior to the Petition Date included a purchase price of $729,000 and was received on or about March 22, 2017. This offer was ultimately canceled by the prospective purchaser after a home inspection identified mold in the Hobbiton Property. A true and correct copy of the home inspection conducted on March 31, 2017, is attached to the Realtor Declaration as **Exhibit "1"**.

15. BHHS has held multiple open houses, advertised the Hobbiton Property on BHHS' website and online magazine, and circulated mailers advertising the Hobbiton Property. *See* Realtor Declaration.

16. There have also been approximately 110 showings of the Hobbiton Property. A true and correct copy of the showing log related to the Hobbiton Property is attached as **Exhibit "2"** to the Realtor Declaration.

17. BHHS contacted every individual that viewed the Hobbiton Property to obtain feedback. The most common complaint was that the Hobbiton Property was located on a loud street. *See* Realtor Declaration.

18. On or about August 14, 2017, the Trustee and Red Rock Region Investments, LLC (the "<u>Purchaser</u>") entered into a purchase agreement (the "<u>Purchase Agreement</u>") that provided for the sale of the Property in exchange for the payment of $600,000. A true and correct copy of the Purchase Agreement is attached to the Nelson Declaration as **Exhibit "1"**.

19. In addition to marketing the Hobbiton Property in a manner that would obtain the highest gross sale price, the Trustee also reviewed various liens recorded against the Hobbiton Property to determine if any were unperfected and could be avoided pursuant to Section 544(a). *See* Nelson Declaration.

20. The following three creditors recorded liens against the Hobbiton Property: (a) the Internal Revenue Service (the "I.R.S.") recorded a notice of tax lien in the amount of $255,294.59; (b) Canon USA, Inc. ("Canon") recorded a judgment in the amount of $19,991.91; and (c) the Shoppes At Palazzo ("SAP") recorded a judgment in the amount of $56,000. *See* Nelson Declaration.

21. The I.R.S. has agreed to reduce their secured lien by approximately $58,000 to account for the portion of their claim attributable to penalties and accrued interest on penalties pursuant to Section 724(a).[5] *See* Nelson Declaration.

22. Canon agreed to release its judgment lien based upon the failure to record a affidavit of judgment creditor pursuant to N.R.S. 17.150. This agreement was memorialized in the *Stipulation to Remove Judgment Lien Recorded Against the Real Property Located At 10710 Hobbiton Avenue, Las Vegas, Nevada 89144-0000 [APN 164-12-213-019]* [ECF No. 51], which was approved by this Court on July 26, 2017. *See* Nelson Declaration.

23. SAP and the Trustee also entered into a settlement agreement (the "SAP Settlement Agreement") which provided that SAP would limit its judgment lien to $10,000 based upon its failure to record an affidavit of judgment creditor pursuant to N.R.S. 17.150. The SAP Settlement Agreement is the subject of the *Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 66], which is scheduled for the same date and time as this Motion. *See* Nelson Declaration.

24. The terms of the Purchase Agreement will result in the following distributions:

| | |
|---|---|
| Sale to Insider: | The Purchaser are not insiders of the Debtor as defined under Section 101(31). |
| Sale Free and Clear: | The sale will be free and clear of liens and other interests. |
| Lienholders Affected: | Nationstar Mortgage, I.R.S., Canon, and SAP. |
| Releases and Insider Benefits: | None. |
| Credit Bidding: | None. |
| Standard for Approval: | The motion seeks approval of the proposed sale pursuant to the business judgment standard. |

---

[5] The agreement between the Trustee and the I.R.S. to reduce the tax lien by any amount attributable to penalties and interest on penalties will be memorialized in a stipulation that will be filed with this Court.

| Relief from Bankruptcy Rule 6004(h): | The Motion requests relief from the 14-day stay provided by Bankruptcy Rule 6004(h). |
|---|---|
| Solicitation Process: | Notice of the proposed sale shall be given to all creditors and parties in interest. |
| Proceeds: | The Trustee estimates that the proposed sale will result in the following payments at Closing, based on the gross sale price of: |
|  | TOTAL SALE PRICE:     $    600,000.00 |
|  | Nationstar Mortgage:  $    281,659.00<br>Internal Revenue Service: $ 200,286.13<br>Canon:                $           0.00<br>SAP:                  $      10,000.00<br>Estimated Closing Costs: $  48,578.76<br>NET TO ESTATE:        $      59,476.11 |

25.   The figures identified in the table above are estimates of the closing costs and outstanding balances of the various liens against the Property. The purpose in identifying these figures is to provide the Debtor's creditors and other parties-in-interest with an estimate of the net distributions that will result from the Purchase Agreement. A true and correct copy of the estimated closing statement for the sale of the Hobbiton Property is attached to the Nelson Declaration as **Exhibit "2"**.

26.   The Trustee has reviewed the offer to purchase the Hobbiton Property and the materials provided by BHHS detailing their efforts to sell the Hobbiton Property during the approximately one-year period preceding the Debtors' bankruptcy filing. *See* Nelson Declaration.

27.   Following this review, the Trustee believes that the offer to purchase the Hobbiton Property is in the best interests of the Debtors' creditors as it will generate significant proceeds that will be available to pay the Debtors' creditors. *See* Nelson Declaration.

28.   The Trustee is informed and believes that the Purchaser is a disinterested person and not an insider of the Debtor. *See* Nelson Declaration.

29.   The sale of the Hobbiton Property will result in the recovery of net proceeds totaling approximately $59,476.11 that will be available for the Debtors' creditors. *See* Nelson Declaration.

30.   Accordingly, the Trustee believes that the sale of the Property to the Purchaser is in the best interests of creditors because it will result in a significant recovery for the bankruptcy estate and should be approved pursuant to Section 363. *See* Nelson Declaration.

NELSON & HOUMAND, P.C.
1180 North Town Center Drive, Suite 100, Las Vegas, Nevada 89144
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

## IV.  LEGAL ARGUMENT

The Bankruptcy Code provides the authority for the Trustee to sell the Property free and clear of all liens, claims, encumbrances and interests. *See generally* 11 U.S.C. § 363. Section 363(b)(1) provides that a Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. This provision generally allows a trustee (subject to Court approval) to sell property of the estate outside the ordinary course of business where the proposed sale is a sound exercise of the trustee's business judgment and the sale is proposed in good faith and for fair value. *Committee of Equity Security Holders v. Lionel Corporation (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Ernst Home Center, Inc.*, 209 B.R. 974, 980 (Bankr. W.D. Wash. 1997). When a trustee articulates a reasonable basis for its business decisions, "courts will generally not entertain objections to the [trustee's] conduct." *Comm. Of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1987).

Section 363(f) further states that the trustee may sell property under subsection (b) of this section free and clear of any interest in such property or an entity other than the estate, only if (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f).

In the instant case, the Purchase Agreement was negotiated at arm's length in good faith, and the Trustee believes its terms are fair and reasonable under the circumstances. The Purchase Agreement is in the best interests of creditors because it will result in net proceeds totaling $59,476.11 that will be available to pay the Debtors' creditors. Moreover, the Trustee believes that the sale price in the Purchase Agreement is the highest and best offer that the Trustee will be able to obtain due to the extensive efforts of BHHS to market and sell the Hobbiton Property.

In addition to the other sale-related relief sought herein, the Trustee requests that the Court specifically find inapplicable any stays that might otherwise inhibit the Trustee's ability to close

-8-

the proposed transaction for the sale of the Property immediately after the Court enters an order approving the transaction, including, without limitation, those arising under FRBP 6004. A stay of the order approving the sale of the Property will only further prejudice the Debtor's creditors based upon the fact that the Debtor has ceased making mortgage payments to the first deed of trust holder and the amount owed to the I.R.S. will only continue to accrue interest.

Finally, the Trustee requests that the Court deem the Purchaser as good faith purchaser pursuant to Section 363(m). *In re Onouli-Kona Land Co.*, 846 F.2d 1170 (9th Cir. 1988). The Purchaser have offered to pay a purchase price that is in excess of the scheduled value of the Property that will result in a significant distribution to creditors. The Trustee is further informed and believes that the Purchaser do not have any relationship or connections with the Debtor that would suggest that their offer to purchase the Property is not in good faith.

The Motion and supporting declarations have been served on (a) the Office of the United States Trustee, (b) the Debtors and their counsel, and (c) all parties requesting special notice. Notice of the Motion has also been served on all creditors and parties in interest. The Trustee submits that no further notice is required.

### V.    CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an Order: (a) approving the Sale of the Property free and clear of liens to Purchaser pursuant to Section 363; and (b) for such other relied as the Court deems just and proper under the circumstances.

Dated this 1st day of September, 2017.

**NELSON & HOUMAND, P.C.**

By: */s/ Jacob L. Houmand*
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Kyle J. Ortiz, Esq. (NV Bar No. 14252)
1180 North Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Telephone:   702/720-3370
Facsimile:    702/720-3371

*Counsel for Victoria L. Nelson, Chapter 7 Trustee*