Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@nelsonhoumand.com
Kyle J. Ortiz, Esq. (NV Bar No. 14252)
Email: kortiz@nelsonhoumand.com
NELSON & HOUMAND, P.C.
1180 North Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Counsel for Victoria L. Nelson, Chapter 7 Trustee*

*Electronically Filed On: September 1, 2017*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re:

DORON MASHAL and SHIRAH GOODMAN-MASHAL,

Debtors.

Case No. BK-S-17-12731-ABL
Chapter 7

**DECLARATION OF VICTORIA L. NELSON IN SUPPORT OF MOTION TO APPROVE SALE OF THE REAL PROPERTY LOCATED AT 10710 HOBBITON AVENUE, LAS VEGAS, NEVADA 89144-0000 [APN 164-12-213-019] PURSUANT TO 11 U.S.C. § 363**

Date of Hearing:    October 12, 2017
Time of Hearing:    11:00 a.m.
Place: Courtroom No. 1, Third Floor
        Foley Federal Building
        300 Las Vegas Blvd., S.
        Las Vegas, NV 89101

Judge: Honorable August B. Landis[1]

I, VICTORIA L. NELSON, declare as follows:

1.    I am over the age of 18 years and I am competent to make this declaration. I have personal knowledge of the facts set forth herein, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true. If called as a witness, I

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

-1-

could and would testify as to the matters set forth below based upon my personal knowledge.

2. I am the appointed Chapter 7 Trustee in the above-captioned bankruptcy case.

3. I make this declaration in support of the *Motion to Approve Sale of the Real Property Located At 10710 Hobbiton Avenue, Las Vegas, Nevada 89144-0000 [APN 164-12-213-019] Pursuant to 11 U.S.C. § 363* (the "Motion").[2]

**GENERAL BACKGROUND AND THE DEBTORS' BANKRUPTCY FILING**

4. On May 23, 2017, DORON MASHAL and SHIRAH GOODMAN-MASHAL (collectively, the "Debtors") filed a voluntary bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code [ECF No. 1][3].

5. On May 23, 2017, I was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 7].

6. Schedule A of the Debtors' bankruptcy petition identifies ownership interests in the following two real properties: (a) 424 St. Andrews Court, Las Vegas, Nevada 89144-0000 [APN 138-30-713-046] (the "St. Andrews Property"); and (b) the real property located at 10710 Hobbiton Avenue, Las Vegas, Nevada 89144-0000 [APN 164-12-213-019] (the "Hobbiton Property").[4] *See* Debtors' Schedule A/B [ECF No. 1], pp.14-15.

7. The Properties appear to have substantial equity based upon the valuations and outstanding liens provided by the Debtors.

8. I am informed and believes that the Hobbiton Property is an investment property.

. . .

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules". All defined terms shall have the same meaning ascribed to them in the Motion unless set forth herein.

[3] All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.

[4] The St. Andrews Property and the Hobbiton Property shall collectively be referred to as the "Properties".

-2-

9. The Debtors have not claimed a homestead exemption in the Hobbiton Property. *See* Debtors' Schedule C [ECF No. 1], pp. 23-26.

**THE TRUSTEE'S EFFORTS TO MARKET AND SELL THE HOBBITON PROPERTY**

10. On or about June 2016, prior to the Debtors' bankruptcy filing, the Debtors employed Berkshire Hathaway Homeservice Nevada Properties ("BHHS") as realtor to market and sell the Hobbiton Property.

11. Due to BHHS' efforts to market the Hobbiton Property prior to the Petition Date, I decided that it would be in the best interests of the Debtors' bankruptcy estate to employ BHHS as realtor to market and sell the Hobbiton Property.

12. On June 28, 2017, I filed an *Ex Parte Application to Employ Berkshire Hathaway Homeservice Nevada Property to Sell Certain Real Property and to Pay Commission Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 25] (the "BHHS Employment Application").

13. The BHHS Employment Application provided that BHHS would be entitled to a commission in the amount of six percent (6%) of the gross sale price of the Hobbiton Property and a $500 administrative fee.

14. On June 30, 2017, the Court entered an *Order Granting Ex Parte Application to Employ Berkshire Hathaway Homeservice Nevada Property to Sell Certain Real Property and to Pay Commission Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 39].

15. Since its employment by the Debtors, I am informed and believe that BHHS has actively marketed the Hobbiton Property and has reduced the listing price of the Hobbiton Property by the following amounts:

| Listing Price | Effective Date |
| --- | --- |
| $899,000 | June 9, 2016 |
| $849,000 | August 30, 2016 |
| $819,000 | October 21, 2016 |
| $789,000 | November 4, 2016 |
| $749,000 | January 17, 2017 |
| $729,000 | February 22, 2017 |
| $725,000 | April 7, 2017 |

-3-

|   |   |
|---|---|
| $699,000 | July 12, 2017 |
| $649,000 | August 5, 2017 |

16. On or about August 14, 2017, I entered into a purchase agreement with Red Rock Region Investments, LLC (the "Purchaser") (the "Purchase Agreement") that provided for the sale of the Property in exchange for the payment of $600,000. A true and correct copy of the Purchase Agreement is attached hereto as **Exhibit "1"**.

17. In addition to marketing the Hobbiton Property in a manner that would obtain the highest gross sale price, I have reviewed various liens recorded against the Hobbiton Property to determine if any were unperfected and could be avoided pursuant to Section 544(a).

18. The following three creditors recorded liens against the Hobbiton Property: (a) the Internal Revenue Service (the "I.R.S.") recorded a notice of tax lien in the amount of $255,294.59; (b) Canon USA, Inc. ("Canon") recorded a judgment in the amount of $19,991.91; and (c) the Shoppes At Palazzo ("SAP") recorded a judgment in the amount of $56,000.

19. The I.R.S. has agreed to reduce their secured lien by approximately $58,000 to account for the portion of their claim attributable to penalties and accrued interest on penalties pursuant to Section 724(a).[5]

20. Canon agreed to release its judgment lien based upon the failure to record an affidavit of judgment creditor pursuant to N.R.S. 17.150. This agreement was memorialized in the *Stipulation to Remove Judgment Lien Recorded Against the Real Property Located At 10710 Hobbiton Avenue, Las Vegas, Nevada 89144-0000 [APN 164-12-213-019]* [ECF No. 51], which was approved by this Court on July 26, 2017.

21. SAP and I also entered into a settlement agreement (the "SAP Settlement Agreement") which provided that SAP would limit its judgment lien to $10,000 based upon its failure to record an affidavit of judgment creditor pursuant to N.R.S. 17.150. The SAP Settlement Agreement is the subject of the *Motion to Approve Compromise Pursuant to Federal Rule of*

---

[5] The agreement between the Trustee and the I.R.S. to reduce the tax lien by any amount attributable to penalties and interest on penalties will be memorialized in a stipulation that will be filed with this Court.

-4-

*Bankruptcy Procedure 9019* [ECF No. 66], which is scheduled for the same date and time as this Motion.

22.   The terms of the Purchase Agreement will result in the following distributions:

| | |
|---|---|
| Sale to Insider: | The Purchaser are not insiders of the Debtor as defined under Section 101(31). |
| Sale Free and Clear: | The sale will be free and clear of liens and other interests. |
| Lienholders Affected: | Nationstar Mortgage, Internal Revenue Service ("I.R.S"), Canon USA, Inc., and Shoppes At Palazzo, LLC. |
| Releases and Insider Benefits: | None. |
| Credit Bidding: | None. |
| Standard for Approval: | The motion seeks approval of the proposed sale pursuant to the business judgment standard. |
| Relief from Bankruptcy Rule 6004(h): | The Motion requests relief from the 14-day stay provided by Bankruptcy Rule 6004(h). |
| Solicitation Process: | Notice of the proposed sale shall be given to all creditors and parties in interest. |
| Proceeds: | The Trustee estimates that the proposed sale will result in the following payments at Closing, based on the gross sale price of: |
| | TOTAL SALE PRICE:    $ 600,000.00 |
| | Nationstar Mortgage:         $ 281,659.00<br>Internal Revenue Service:    $ 200,286.13<br>Canon:                        $         0.00<br>SAP:                          $    10,000.00<br>Estimated Closing Costs:      $    48,578.76<br>NET TO ESTATE:                $    59,476.11 |

23.   The figures identified in the table above are estimates of the closing costs and outstanding balances of the various liens against the Property. The purpose in identifying these figures is to provide the Debtor's creditors and other parties-in-interest with an estimate of the net distributions that will result from the Purchase Agreement. A true and correct copy of the estimated closing statement for the sale of the Hobbiton Property is attached hereto as **Exhibit "2"**.

24.   I have reviewed the offer to purchase the Hobbiton Property and the materials provided by BHHS detailing their efforts to sell the Hobbiton Property during the approximately one-year period preceding the Debtors' bankruptcy filing.

. . .

NELSON & HOUMAND, P.C.
1180 North Town Center Drive, Suite 100, Las Vegas, Nevada 89144
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

25. Following this review, I believe that the offer to purchase the Hobbiton Property is in the best interests of the Debtors' creditors as it will generate significant proceeds that will be available to pay the Debtors' creditors.

26. I am informed and believe that the Purchaser is a disinterested person and not an insider of the Debtor.

27. The sale of the Hobbiton Property will result in the recovery of net proceeds totaling approximately $59,476.11 that will be available for the Debtors' creditors.

28. Accordingly, I believe that the sale of the Property to the Purchaser is in the best interests of creditors because it will result in a significant recovery for the bankruptcy estate and should be approved pursuant to Section 363.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 1st day of September, 2017.

_____
Victoria L. Nelson, Chapter 7 Trustee