Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@houmandlaw.com
Kyle J. Ortiz, Esq. (NV Bar No. 14252)
Email: kortiz@houmandlaw.com
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:   702/720-3370
Facsimile:    702/720-3371

*Counsel for Victoria Nelson, Chapter 7 Trustee*

*Electronically Filed On: November 17, 2017*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>DORON MASHAL and SHIRAH GOODMAN-MASHAL,<br><br>Debtors. | Case No.  BK-S-17-12731-ABL<br>Chapter 7<br><br>**FIRST AND FINAL APPLICATION OF HOUMAND LAW FIRM, LTD. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED DURING THE PERIOD FROM MAY 30, 2017 THROUGH NOVEMBER 16, 2017 AND FOR REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. §§ 330 AND 331 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016**<br><br>Date of Hearing:       December 20, 2017<br>Time of Hearing:       9:30 a.m.<br>Place: Courtroom No. 1, Third Floor<br>           Foley Federal Building<br>           300 Las Vegas Blvd., S.<br>           Las Vegas, NV 89101<br><br>Judge: Honorable August B. Landis |

The Houmand Law Firm, Ltd. (the "Firm"), counsel of record for Victoria Nelson, Chapter 7 Trustee in the above-captioned bankruptcy case (the "Trustee"), hereby submits its *First and Final Application of Houmand Law Firm, Ltd. for Allowance of Compensation for Services Rendered During the Period From May 30, 2017, Through November 16, 2017, and For Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 and 331 and Federal Rule of*

*Bankruptcy Procedure 2016* (the "<u>Fee Application</u>").[1]

The Fee Application is filed pursuant to Sections 330 and 331, FRBP 2016, the Guidelines for Compensation and Reimbursement of Professionals in Region 17 as promulgated by the Offices of the United States Trustee (the "<u>Region 17 Guidelines</u>"), and the Guidelines for Reviewing Applications for Compensation and Reimbursement on Expenses Filed Under 11 U.S.C. § 330 effective January 30, 1996 (the "<u>U.S. Trustee Guidelines</u>").  The Application is also based on the following Memorandum of Points and Authorities, the *Declaration of Victoria L. Nelson In Support of First and Final Application of Houmand Law Firm, Ltd. for Allowance of Compensation for Services Rendered During the Period From May 30, 2017, Through November 16, 2017, and For Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 and 331 and Federal Rule of Bankruptcy Procedure 2016* (the "<u>Nelson Declaration</u>") and the *Declaration of Jacob L. Houmand, Esq. In Support of First and Final Application of Houmand Law Firm, Ltd. for Allowance of Compensation for Services Rendered During the Period From May 30, 2017, Through November 16, 2017, and For Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 and 331 and Federal Rule of Bankruptcy Procedure 2016* (the "<u>Houmand Declaration</u>"), both of which are filed separately and concurrently with this Court pursuant to Local Rule 9014(c)(2).[2]

. . .

. . .

. . .

. . .

. . .

. . .

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP."  The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

[2] All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

The Fee Application is also based on the pleadings and papers on file herein and any argument that may be entertained at the hearing on the Fee Application.[3]

Dated this 17th day of November, 2017.

           **HOUMAND LAW FIRM, LTD.**

           By: */s/ Kyle J. Ortiz*
           Jacob L. Houmand, Esq. (NV Bar No. 12781)
           Kyle J. Ortiz, Esq. (NV Bar No. 14252)
           9205 West Russell Road, Building 3, Suite 240
           Las Vegas, NV 89148
           Telephone:   702/720-3370
           Facsimile:    702/720-3371

           *Counsel for Victoria Nelson, Chapter 7 Trustee*

---

[3] The Firm also requests that the Court take judicial notice of all pleadings filed in the above-referenced bankruptcy case, including adversary proceedings, pursuant to Rule of Evidence 201, incorporated by reference by FRBP 9017.

| | |
|---|---|
| Name of Firm: | Houmand Law Firm, Ltd. |
| Authorized to Provide Professional Services to: | Victoria Nelson, Chapter 7 Trustee |
| Date of Retention: | May 30, 2017[4] |
| Period for which Compensation and Reimbursement is Sought | May 30, 2017, through November 16, 2017 |
| Amount of Attorney's Fees Requested: | $    39,095.00 |
| Amount of Expense Reimbursement Requested: | $         828.92 |

This is an: _____ interim \_\_\_\_X\_\_\_\_ final application.

This is the first and final Fee Application filed by Houmand Law Firm, Ltd. in this case.

---

[4] On July 10, 2017, the Court entered an *Order Granting Application to Employ Nelson & Houmand, P.C., Nunc Pro Tunc to May 30, 2017, as General Bankruptcy Counsel for Victoria L. Nelson, Chapter 7 Trustee Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* (the "Application to Employ") [ECF No. 42]. The Application to Employ sought to employ the Firm, *nunc pro tunc*, as of May 30, 2017, in order to account for time expended reviewing the Debtor's bankruptcy petition and discussing an offer to purchase bankruptcy estate property with counsel for the Debtor. On October 17, 2017, the Firm filed a *Notice of (1) Change of Firm Name and (2) Change of Address* [ECF No. 94] stating that the name of the Firm had changed from Nelson & Houmand, P.C. to Houmand Law Firm, Ltd.

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

**HOUMAND LAW FIRM, LTD.**
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

**BILLING SUMMARY**

**Prior Applications: None**

**Fees**
| | |
|---|---:|
| Fees Previously Requested | 0.00 |
| Fees Previously Awarded | 0.00 |

**Expenses**
| | |
|---|---:|
| Expenses Previously Requested | 0.00 |
| Expenses Previously Awarded | 0.00 |
| | |
| Retainer Paid: | 0.00 |
| Drawn on Retainer: | 0.00 |
| Remaining Retainer: | 0.00 |

| | |
|---|---:|
| Current Application Fees from May 30, 2017, through November 16, 2017, Requested: | $39,095.00 |
| Current Application Expenses May 30, 2017, through November 16, 2017, Requested: | $   828.92 |

**FIRST AND FINAL FEE APPLICATION OF
HOUMAND LAW FIRM, LTD.
SUMMARY OF PROFESSIONALS
MAY 30, 2017 THROUGH NOVEMBER 14, 2017**

| NAME | GRADUATION FROM LAW SCHOOL | TITLE | HOURLY[5] RATE | HOURS | TOTAL FEE |
|---|---|---|---|---|---|
| Jacob L. Houmand | 2011 | Partner | $325.00 | 80.2 | |
| Jacob L. Houmand | 2011 | Partner | $350.00 | 18.00 | |
| Kyle J. Ortiz | 2016 | Associate | $250.00 | 10.2 | |
| Kyle J. Ortiz | 2016 | Associate | $275.00 | 15.2 | |
| Blended Rate: | | | $316.30 | | |

**TOTAL**

---

[5] Effective August 30, 2017, Attorney Houmand's hourly rate was increased to $350 per hour and Attorney Ortiz's hourly rate was increased to $275 per hour consistent with the terms laid forth in the Application to Employ. *See Application to Employ*, p.6, ¶ 23 [ECF No. 12]; *see also* Exhibit "1", *Amended Declaration of Jacob L. Houmand, Esq., In Support of Application to Employ Nelson & Houmand P.C., Nunc Pro Tunc to May 30, 2017, as General Bankruptcy Counsel for Victoria L. Nelson, Chapter 7 Trustee Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014*, p. 3, ¶ 5 [ECF No. 14-1].

**FIRST AND FINAL FEE APPLICATION OF**
**HOUMAND LAW FIRM, LTD.**
**SUMMARY OF COMPENSATION REQUESTED BY TASK CODE**
**MAY 30, 2017 THROUGH NOVEMBER 15, 2017**

| ACTIVITY | HOURS | FEES |
|---|---|---|
| B110 – CASE ADMINISTRATION | 5.6 | $1,870.00 |
| B120 – ASSET ANALYSIS & RECOVERY | 21 | $6,295.00 |
| B130 – ASSET DISPOSITION | 56.9 | $18,565.00 |
| B160 – EMPLOYMENT/FEE APPLICATIONS | 13.1 | $3,852.50 |
| B190 – OTHER CONTESTED MATTERS | 27 | $8,512.50 |
| **TOTAL:** | **123.6** | **$39,095.00** |

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The Firm, counsel of record to the Trustee in the above-captioned chapter 7 case (the "Bankruptcy Case"), hereby submits this First and Final Fee Application for services rendered in the Bankruptcy Case during the period from May 30, 2017, through November 16, 2017, (the "Fee Application Period"). The Firm requests an order (i) approving and allowing on a final basis compensation in the amount of $39,095.00 for the reasonable and necessary services of the Firm during the Fee Application Period, (ii) approving and allowing on a final basis reimbursement of expenses in the amount of $828.92 that were incurred during the Fee Application Period, and (iii) authorizing the Trustee to pay such amounts to the Firm. The Firm believes that the services it rendered to the Trustee during the Fee Application Period benefited the Debtor's estate and that, therefore, the attorneys' fees and costs requested in this Fee Application should be approved under Section 330(a).

**II.     JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The statutory basis for the relief sought are Sections 330, FRBP 2016, and Local Rule 2016. Venue before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409.

2.     This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9014.2, if the Court determines that absent consent of the parties the Court cannot enter final orders or judgment regarding the Application consistent with Article III of the United States Constitution, the Firm consents to entry of final orders and judgment by this Court.

**III.**

**SUMMARY OF PROFESSIONAL SERVICES PERFORMED**

3.     The Firm has provided services in the matters as described below.

4.     The following summary is intended only to highlight a number of the services rendered by the Firm, and it is not meant to be a detailed description of all of the work performed. Detailed descriptions of day-to-day services provided by the Firm and the time expended

performing such services is fully set forth in the billing summary, true and correct copies of which are attached to the Houmand Declaration as **Exhibit "1"**.

5.  Detailed descriptions of the actual expenses incurred by the Firm during the Fee Application Period are attached to the Houmand Declaration as **Exhibit "1"**.

### IV.

### STATEMENT REGARDING NOTICE

6.  Pursuant to FRBP 2002(a)(6) and 2002(c)(2), notice of hearing on the Fee Application, identifying the Firm and amounts requested, has been served on all identified creditors and parties in interest not less than 28 days prior to the date set for hearing on this Fee Application.

### V.

### STATEMENT REGARDING TERMS AND CONDITIONS OF EMPLOYMENT

7.  On June 6, 2017, the Trustee filed an *Application to Employ Nelson & Houmand, P.C., Nunc Pro Tunc to May 30, 2017, As General Bankruptcy Counsel for Victoria L. Nelson, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* (the "Application to Employ") [ECF No. 12]. The Application to Employ sought to employ the law firm of Nelson & Houmand, P.C., *nunc pro tunc*, as of May 30 2017, in order to account for time expended researching the Debtor's bankruptcy filing and and discussing an offer to purchase bankruptcy estate property with counsel for the Debtor..

8.  On July 10, 2017, the Court entered an *Order Granting Application to Employ Nelson & Houmand, P.C., Nunc Pro Tunc to May 30, 2017, As General Bankruptcy Counsel for Victoria L. Nelson, Chapter 7 Trustee Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 42].

9.  On October 17, 2017, the Firm filed a *Notice of (1) Change of Firm Name and (2) Change of Address* [ECF No. 94] that explained the Firm had changed its name to Houmand Law Firm, Ltd and that Victoria L. Nelson, Esq. was no longer a member of the Firm.

. . .

. . .

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

10. The scope of the Firm's employment in this bankruptcy case was as follows:

(a) To investigate the financial affairs of the Debtor and determine if there are any preferential transfers, fraudulent conveyances, or turnover actions that may be filed on behalf of the bankruptcy estate pursuant to 11 U.S.C. §§ 542, 544, 547, and 548.

(b) To prosecute any and all preferential transfers, fraudulent conveyances, or turnover actions that may be filed on behalf of the bankruptcy estate pursuant to 11 U.S.C. §§ 542, 544, 547, and 548.

(c) To advise the Trustee of her rights and obligations and performance of her duties during the administration of this bankruptcy case;

(d) To represent the Trustee in all proceedings before this Court and any other court which assumes jurisdiction of a matter related to or arising in this bankruptcy case;

(e) To assist the Trustee in developing legal positions and strategies with respect to all facets of these proceedings; and

(f) To provide such other counsel and advice as the Trustee may require in connection with this bankruptcy case.

11. The results achieved during the Fee Application Period encompassed by this Fee Application relate to the scope of employment set forth in this Fee Application, and are set forth in more specific detail in the billing entries attached as **Exhibit "1"** to the Houmand Declaration.

12. The actual expenses incurred by the Firm during the Fee Application Period are set forth in more specific detail in the billing entries attached as **Exhibit "1"** to the Houmand Declaration.

13. During the time in question, the Firm has assisted the Trustee in those items detailed in the "Scope of Employment" of the Employment Application and other miscellaneous functions.

14. The Firm's services were rendered economically and without unnecessary duplication of efforts. In addition, the work involved, and thus the time expended, was carefully assigned in consideration of the experience and expertise required for each particular task. If more than one person attended a meeting or hearing, it was not a duplication of that effort but it was necessary to adequately represent the interests of the Trustee.

-10-

# VI.

# STATEMENT REGARDING THE ADMINISTRATION OF THE DEBTOR'S BANKRUPTCY ESTATE

**THE DEBTORS' BANKRUPTCY FILING**

15. On May 23, 2017, DORON MASHAL and SHIRAH GOODMAN-MASHAL (the "Debtors") filed a voluntary bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code [ECF No. 1].[6] *See* Nelson Declaration.

16. On May 23, 2017, the Trustee was appointed as the Chapter 7 Trustee in the Debtors' bankruptcy case [ECF No. 7]. *See* Nelson Declaration.

17. The Debtors' primary assets are the following real properties: (a) 10710 Hobbiton Avenue, Las Vegas, Nevada 89135[7] [APN 164-12-213-019] (the "Hobbiton Property"); and (b) 424 St. Andrews Court, Las Vegas, Nevada 89144-0000 [APN 138-30-713-046] (the "St. Andrews Property", and together with the Hobbiton Property the "Properties"). *See* Debtors' Schedule A/B [ECF No. 1], p.14-15; *see also* Nelson Declaration.

**MOTION TO APPROVE COMPROMISE AND REMOVAL OF LIENS**

18. On July 25, 2017, the Trustee filed the *Stipulation to Remove Judgment Lien Recorded Against the Real Property Located at 10710 Hobbiton Avenue, Las Vegas, Nevada 89144-0000 [APN 164-12-213-019]* [ECF No. 51] (the "Canon Stipulation"). *See* Nelson Declaration.

19. The Canon Stipulation sought to remove a judgment lien filed by Canon USA, Inc. ("Canon") against the Hobbiton Property as the Trustee contended the judgment lien was not properly perfected pursuant to N.R.S § 17.150 as Canon did not record an affidavit of creditor at the time of the recording of the judgment lien. *See* Nelson Declaration.

20. On July 26, 2017, the Court entered an *Order Approving Stipulation to Remove Judgment Lien Recorded Against the Real Property Located at 10710 Hobbiton Avenue, Las*

---

[6] All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.

[7] While Debtor's Schedule A/B identifies the ZIP code as 89144, the correct ZIP code is 89135.

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

*Vegas, Nevada 89144-0000 [APN 164-12-213-019]* [ECF No. 52]. *See* Nelson Declaration.

21. On August 30, 2017, the Trustee filed a *Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 66] (the "<u>Motion to Approve Compromise</u>"). *See* Nelson Declaration.

22. The Motion to Approve Compromise sought approval of a settlement agreement whereby the Shoppes At Palazzo's ("<u>SAP</u>") secured claim against the Hobbiton Property would be reduced from $56,000 to $10,000 with the remainder of the claim allowed as a general unsecured claim. *See* Nelson Declaration.

23. The Trustee contended that the judgment liens filed by SAP against the Hobbiton Property were not properly perfected pursuant to N.R.S. § 17.150 as SAP did not record an affidavit of creditor at the time of the recording of any of the judgment liens. *See* Nelson Declaration.

24. On October 16, 2017, the Court entered an Order Granting *Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 92]. *See* Nelson Declaration.

25. On September 5, 2017, the Trustee filed the *Stipulation to Remove Any Liens In Favor of the Internal Revenue Service Related to Penalties Recorded Against the Real Property Located at 10710 Hobbiton Avenue, Las Vegas, Nevada 89144-0000 [APN 164-12-213-019] Pursuant to 11 U.S.C. § 724* [ECF No. 78] (the "<u>IRS Stipulation</u>"). *See* Nelson Declaration.

26. The Stipulation sough to reduce the Internal Revenue Service's tax lien against the Hobbiton Property by any amount attributable to fines, penalties, interest on penalties, forfeitures, exemplary, or punitive damages and accrued interest on the same pursuant to Section 724(a).

27. On September 5, 2017, the Court entered an *Order Approving Stipulation to Remove Any Liens In Favor of the Internal Revenue Service Related to Penalties Recorded Against the Real Property Located at 10710 Hobbiton Avenue, Las Vegas, Nevada 89144-0000 [APN 164-12-213-019] Pursuant to 11 U.S.C. § 724* [ECF No. 79]. *See* Nelson Declaration.

. . .

. . .

**THE SALE OF THE HOBBITON PROPERTY**

28. On June 28, 2017, the Trustee filed an *Ex Parte Application to Employ Berkshire Hathaway Homeservice Nevada Property to Sell Certain Real Property and to Pay Commission Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 25] (the "Realtor Employment Application"). *See* Nelson Declaration.

29. The Realtor Employment Application sought to Employ Berkshire Hathaway Homeservice Nevada Property as realtor to market and sell the Hobbiton Property for the benefit of the Debtor's creditors. *See* Nelson Declaration.

30. On June 30, 2017, the Court entered an *Order Granting Ex Parte Application to Employ Berkshire Hathaway Homeservice Nevada Property to Sell Certain Real Property and to Pay Commission Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 39]. *See* Nelson Declaration.

31. On September 1, 2017, the Trustee filed a *Motion to Approve Sale of the Real Property Located at 10710 Hobbiton Avenue, Las Vegas, Nevada 89144-0000 [APN 164-12-213-019 Pursuant to 11 U.S.C. § 363* [ECF No. 71] (the "Motion to Sell"). *See* Nelson Declaration.

32. The Motion to Sell sought to sell the Hobbiton Property for $600,000. *See* Nelson Declaration.

33. On October 16, 2017, the Court entered an *Order Granting Motion to Approve Sale of the Real Property Located at 10710 Hobbiton Avenue, Las Vegas, Nevada 89144-0000 [APN 164-12-213-019 Pursuant to 11 U.S.C. § 363* [ECF No. 93]. *See* Nelson Declaration.

34. The sale of the Hobbiton Property generated net sales proceeds for the bankruptcy estate in the amount of $54,786.69. *See* Nelson Declaration.

**ABANDONMENT OF DEBTORS' LLC INTERESTS**

35. Debtors' Schedule A/B identifies a one hundred percent interest (100%) in It's About Time, LLC ("IAT"). *See* Schedule A/B, p. 19 [ECF No. 1]. *See* Nelson Declaration.

36. Debtors' Schedule A/B further provided that IAT owned "office equipment, furnishings, and supplies" (the "Property") with a fair market value of $21,667. *See* Nelson Declaration.

37. Based upon an Appraisal Report (the "Appraisal") provided by the Debtors, the fair market value of the Property is primarily based upon several hundred watches that were the inventory of IAT. *See* Nelson Declaration.

38. The Trustee contends that she has the authority to sell the Property as the Debtors are the sole members of IAT and hold a one hundred percent (100%) ownership interest in that entity. *See In re B&M Land*, 498 B.R. 262 (Bankr. D. Nev. 2013) (holding that where a debtor has a membership interest in an ordinary single-member limited liability companies and filed a petition under Chapter 7, the rights automatically include the right to manage the limited liability company, without the need to take further actions to comply with state law); *see also In re Albright*, 291 B.R. 538 (Bankr. D. Colo 2003) (holding that a debtor's bankruptcy filing, where the debtor was the only member of a limited liability company, effectively assigned her entire membership interest in the limited liability company to the bankruptcy estate, and the Chapter 7 Trustee obtained all of the rights to control management of the limited liability company). *See* Nelson Declaration.

39. Nevada State Bank ("NSB"), a creditor of IAT and the Debtors, disputes the Trustee's ability to sell the Property without first paying the creditors of IAT. *See* Nelson Declaration.

40. The Trusteed was informed that the watches owned by IAT are not associated with any mainstream brand and were the Debtors' attempt to create his own brand of luxury watches and as a result, it is unlikely that there would be a significant market for the Property. *See* Nelson Declaration.

41. NSB would likely object to any motion to sell the Property unless an agreement is reached pursuant to FRBP 9019, which would incur additional attorneys' fees and costs. *See* Nelson Declaration.

42. As the administrative expenses associated with the sale of the Property would likely exceed any amount that is generated for the Debtors' bankruptcy estate, the Trustee filed a *Negative Notice of Trustee's Intent to Abandon Property Pursuant to 11 U.S.C. § 544* [ECF No. 98] (the "Notice of Abandonment") on November 3, 2017. *See* Nelson Declaration.

-14-

43. On November 6, 2017, the Notice of Abandonment was served upon all parties in interest via First Class Mail. *See* Nelson Declaration.

44. Pursuant to FRBP 9006(f) and Local Rule 9014.1, if no party in interest files an objection to the Notice of Abandonment by November 30, 2017, the Trustee will submit an order approving the Notice of Abandonment. *See* Nelson Declaration.

## VII.

## STATEMENT OF STATUTORY AUTHORITY FOR RELIEF SOUGHT

45. 11 U.S.C. Section 330(a) states:

> (a)(1) After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328 and 329 the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103.
>
> (A) Reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) Reimbursement for actual, necessary expenses.

46. 11 U.S.C. Section 503 states, in relevant part:

> (a) An entity may timely file a request for payment of an administrative expense, . . .
>
> (b) After notice and a hearing, there shall be allowed administrative expenses, . . . including –
> (2) compensation and reimbursement awarded under Section 330(a) of this title.

47. 11 U.S.C. Section 331 authorizes the application for and payment of compensation or reimbursement as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse such compensation or reimbursement.

-15-

48. This Fee Application is brought pursuant to 11 U.S.C. Sections 330(a), 331 and 503(b) and Region 17 Guidelines Subsection (b).

### VIII.
### STATEMENT RE: AMOUNT OF COMPENSATION SOUGHT TO BE ALLOWED

49. This Fee Application seeks allowance of compensation as follows: (a) $39,095.00 for professional services rendered during the period from May 30, 2017, through and including November 16, 2017; and (b) reimbursement of actual expenses in the amount of $828.92 incurred by the Firm during the period from May 30, 2017, through and including November 16, 2017.

### IX.
### STATEMENT REGARDING SERVICES RENDERED, HOURLY RATES, AND EXPENSES INCURRED

50. Services rendered by Applicant are set forth in detail in the billing entries attached as **Exhibit "1"** to the Houmand Declaration. The billing entries attached as **Exhibit "1"** to the Houmand Declaration reflect the tasks and includes a detailed list of all time for which compensation is sought, including date of service, designation of category of person rendering service and hourly billing rate, and description of time spent and tasks performed. *See* "Guidelines" subsection (b)(4); Bankruptcy Rule 2016(a)(1).

51. Actual expenses incurred by the Firm during the Fee Application Period are attached as **Exhibit "1"** to the Houmand Declaration.

52. No unusual or costly expenses are listed above.

53. The Firm has charged customary rates for fees which are allowed by attorneys in this area pursuant to 11 U.S.C. § 330.

54. The Firm is not employed on a contingency basis and, as in all bankruptcy proceedings, the fees charged are subject to the discretion of the Court.

55. For the convenience of the Court, the U.S. Trustee, and all interested parties, the following paragraphs set forth a narrative statement, summary and explanation of certain activities and services performed during the time covered by the Fee Application Period. The Firm expended a total of 123.6 hours in providing services on behalf of the Trustee in the

Bankruptcy Case over a period of 171 days. To provide an orderly and meaningful summary of the services rendered by the Firm in accordance with applicable law and guidelines the Firm utilized the following separate project billing categories in the Fee Application Period to provide a breakdown of the time expended:

B110 – <u>Case Administration</u>. The entries in this category relate to the work performed pertaining to operational and administrative matters including communications with various creditors, counsel for Debtor, and interested parties and their counsel on an on-going day-to-day basis. The Firm also reviewed the proofs of claim filed by the IRS and the Nevada State Department of Taxation and drafted the Notice of Abandonment. The Firm expended 5.6 hours and spent $1,870.00 for this category.

B120 – <u>Asset Analysis & Recovery</u>. The entries in this category relate to the investigation and analysis of the potential recovery of assets for ultimate distribution to the unsecured creditors of the Debtor's bankruptcy estate. The Firm expended time researching the title history of the Properties, reviewing security agreements and financing statements to determine if secured creditors were properly perfected, researching post-petition abandonment of a homestead under Nevada law, and drafting a motion to extend the deadline to object to the Debtors' claimed exemptions. The Firm expended 21 hours and spent $6,295.00 for this category.

B130 – <u>Asset Disposition</u>. The entries in this category relate primarily to the marketing and sale of the Hobbiton Property. The Firm expended time drafting the Realtor Employment Application, the IRS Stipulation, the Canon Stipulation, and the Motion to Sell. The Firm also researched the subordination of tax liens pursuant to Section 724(a) and the Trustee's ability to liquidate property of a limited liability company when a bankruptcy estate includes a one hundred percent membership interest and. The Firm engaged in discussions with counsel for NSB and U.S. Bank regarding the potential sale of various personal property and equipment owned by the Debtors. Lastly, the Firm reviewed and analyzed the Trustee's ability to sell the St. Andrew's Property. The Firm expended 56.9 hours and spent $18,565.00 for this category.

B160 – <u>Preparation of Fee/Employment Applications</u>. The entries in this category relate to the filing of the Applications to Employ the Firm as General Bankruptcy Counsel for Chapter 7

Trustee and counsel's court appearance on the Application to Employ the Firm. The time entries in this category also relate to the preparation of the Fee Application. The Firm expended 13.1 hours and spent $3,852.50 for this category.

B190 – <u>Other Contested Matters</u>. The Firm expended time researching the Trustee's ability to avoid an unperfected lien pursuant to N.R.S. 17.150. The Firm engaged in negotiations with Canon and SAP, drafted a settlement agreement with SAP, and prepared the Motion to Approve Compromise. Additionally, the Firm engaged in negotiations with NSB regarding the potential sale of the Property, which the Trustee ultimately sought to abandon. The Firm expended 27 hours and spent $8,512.50 for this category.

## X.
## STATEMENT REGARDING EXPERTISE REQUIRED

56. The Firm is skilled in insolvency proceedings and Chapter 7 Trustee cases, and has special knowledge which enabled the Firm to perform services of benefit to the Trustee. Specialized knowledge and skills with respect to insolvency practice, and procedure and law are required to handle the problems which arise in the bankruptcy context.

## XI.
## STATEMENT REGARDING PAYMENTS MADE OR PROMISED
## AND AGREEMENTS TO SHARE COMPENSATION

57. No payments have been made or promised to the Firm for services rendered or to be rendered in connection with this case, other than those payments described in this Fee Application.

58. No agreement or understanding exists between the Firm and any other entity for the sharing of compensation received or to be received for services rendered in connection with this case, except as permitted under Section 504(b)(1). *See* Houmand Declaration.

59. The Trustee is a former member of the Firm and regularly employs the Firm to represent bankruptcy estates in other unrelated bankruptcy cases in which she is the Trustee. The Trustee did not personally bill any legal fees in the Bankruptcy Case. *See* Houmand Declaration.

. . .

-18-

## XII.

## CONCLUSION

WHEREFORE, the Firm respectfully requests that this Court enter an Order granting this Fee Application, and approving and allowing compensation in the amount of $39,095.00 and reimbursement of expenses in the amount of $828.92 for the Fee Application Period consistent with the terms of this Fee Application.

Dated this 17th day of November, 2017.

**HOUMAND LAW FIRM, LTD.**

By: */s/ Kyle J. Ortiz*
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Kyle J. Ortiz, Esq. (NV Bar No. 14252)
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:   702/720-3370
Facsimile:    702/720-3371

*Counsel for Victoria Nelson, Chapter 7 Trustee*